Mr. Chief Justice Sharkey
delivered the opinion of the court.
Thomas Bell, in his lifetime, brought suit against Merrill, on a receipt, in the following words, to wit: “ Received of Thomas Bell (on deposit) in trust, $1235 which is to be repaid to the said Thomas Bell, without interest, whenever, within two years from the date hereof, he, the said Thomas Bell, his heirs, executors, and administrators, shall make and produce before any tribunal having competent jurisdiction therein, good and sufficient proof, satisfactory to the administrators of Thomas G • Ellis, deceased, of the payment by him, the said Bell, on the 15th day’ of May, 1837, to the said Thomas G. Ellis, or his agent duly authorized, of the sum of $950, to apply on certain payments to be made by the said Thomas Bell to Rene Lsi Roche, in pursuance of certain articles of agreement made and entered into by the said Rene La Roche, by his agent and attorney, Thomas G. Ellis and the said Thomas Bell, dated January the 5th, 1837, whether the same shall appear to have been paid by a note or notes, or in cash. Dated October 4th, 1841. A. P. Merrill.”
The correctness of the decision of the court below depends upon the true purport of this instrument. It is singular and ill-shapen, and cannot be construed without, to some extent, resorting to conjecture as to the state of facts which gave rise to *734 it, and the object the parties had in view. It would seem that a doubt or difference must have existed, whether Bell had previously, to wit, on the 15th of May, 1837, made a payment of $950 to Ellis to be applied as a payment to La Roche on a contract which existed between him and Bell, Ellis having been, at the time, the agent for La Roche; and we may infer from the records that Merrill was the agent of La Roche at the date of this receipt, Ellis in the mean time having died, as we must suppose from the phraseology of the receipt. Bell therefore deposited with Merrill the sum of $1235, to be held until he should make proof of the previous payment; then it was to be repaid to him; or, failing therein, that it was to be applied as a payment. This seems to be the sense of the instrument, and yet the condition on which the money was to be repaid requires that Bell should make proof of payment in a particular way. He was to make and produce before any tribunal having competent jurisdiction therein, good and sufficient proof, (satisfactory to the administrators of Thomas G.’ Ellis, deceased,) of the payment, &c.” The effort to prove performance of this condition constitutes the ground of objection to the proceedings, and it is not a matter of surprise that an attempt to prove a literal performance, should have given rise to difficulties. We cannot see how Bell was to make proof before a tribunal having jurisdiction, as no tribunal has jurisdiction to take proofexcept in a case before it, or by authority expressly conferred by commission or by statute. Bell could not sue to recover back money which he had rightfully paid, nor could La Roche or Ellis’s administrators sue him for money which had been paid ; there was no liability either way. We cannot suppose that either party intended that a suit should be brought merely for the purpose of having the question judicially settled; but even if they had such a proceeding in view, a court of justice cannot be made the mere instrument for ascertaining facts for the satisfaction of parties, and for the purpose of enabling them to perform the conditions of their contracts. But the proof was not only to be good and sufficient, it was to be satisfactory to the administrators of Ellis, who were not bound to be satisfied with anything short of proof taken before *735 a competent tribunal, nor were they bound to be even satisfied with that. Bell had no power to compel them to be satisfied; the matter was left entirely at their discretion. We' must therefore regard the condition, so far as it relates to the manner of making the proof and its sufficiency, as inoperative. The general rule is that conditions which are impossible or insensible are void, and the obligation remains absolute, if it be not for the doing of an illegal thing. Sheppard’s Touchstone, title Obligation, 372, 373. But if any sense or certainty can be made of it, the obligation and condition shall both stand. By this rule we must endeavor to enforce the condition according to its sense, if it can be ascertained, rejecting only the manner of performance. The money was deposited on a trust, and it was evidently the intention of the parties that it should be repaid, provided Bell had previously made a payment of $>950 to La Roche, through Ellis, his agent. The legal effect is, that Bell was entitled to recover, if he could prove the payment, without having made any preliminary proof to a tribunal or to Ellis’s administrators. Any proof would be admissible that would be competent to establish the issue.
With a view to a compliance with the condition in the contract by proving the payment, depositions, which had been taken in a controversy pending in the probate court between La Roche and Ellis’s administrators, in regard to the money which Bell had paid to Ellis for La Roche, were introduced, which do prove that Bell paid the money. But they were introduced for the purpose of showing a compliance with the contract ; not for the purpose of proving payment to the jury on the issue joined. We have said that this part of the contract was inoperative, it was therefore not necessary to prove performance. Bell however had no cause of action unless he could prove that he had paid Ellis. For this purpose the depositions were inadmissible ; they were not taken in a suit between the same parties. They are taken to be used in a controversy pending in the probate court between La Roche and Ellis’s administrators, the former claiming to recover a decree against the latter for the allowance of the claim for so much money paid by Bell to Ellis *736 or La Roche. Bell was no party to that controversy, nor was Merrill, except as the agent of La'Roche. The rule is that depositions taken in a different suit are not admissible except between the same parties, or those who are privies in blood, in estate, or in law. And they must be evidence against a party, or they are not admissible for him. 3 Phil. Ev. 572, note 438. We need not decide whether these depositions would have been competent evidence to prove .performance of the contract, the purpose for which they were introduced, since that was an immaterial matter. The witnesses did prove the only point which it was necessary for the plaintiff .to prove, to wit, that Bell had paid the money, but for that purpose, for the reasons already given, they were inadmissible. The material fact was established in the effort to prove an immaterial one.
For the error in admitting these depositions, the judgment must be reversed and the cause remanded.